### Anton Supolski, Appellee, v. Ferguson & Lange Foundry Company, Appellant.

### Gen. No. 20,990.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. Richard S. Tuthill, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed June 10, 1915. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by Anton Supolski, plaintiff, against Ferguson & Lange Foundry Company, defendant, for personal injuries received while employed by defendant in a foundry plant owned and operated by it. From a verdict and judgment for plaintiff for $3,000, defendant appeals.

The evidence shows that in the yard of defendant's plant was an appliance for breaking scrap iron, called a "drop." By means of a derrick a heavy metal ball was raised to some considerable height and allowed to

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

fall on the pile of scrap below, breaking the iron into bits. This would cause pieces to fly in all directions. Plaintiff was a "chipper" employed in cleaning castings, and his usual place of work was in the yard perhaps about twenty feet west of the drop. A piece of flying iron struck him as he was going, as he says, to his tool box near by, inflicting the injuries complained of.

For plaintiff it was claimed that the accident was caused by defendant's failure to comply with the provision of the statute entitled "an act to provide for the health, safety and comfort of employes in factories," etc., approved June 4, 1909, in force January 1, 1910 (J. & A. ¶ 5386), which is as follows: "All dangerous places in or about mercantile establishments, factories, mills or workshops, near to which any employe is obliged to pass, or to be employed, shall, where practicable, be properly enclosed, fenced or otherwise guarded."

No enclosure or fence guarded the drop. Nearby was a shanty, the presence of which it is argued satisfied the requirement to have the dangerous place "otherwise guarded." This shanty was about six or ten feet west of the drop, was about four feet wide, seven feet long and seven feet high, the witnesses not being in accord on the measurements. The wall of the shanty nearest the drop was strongly built. Plaintiff worked at a point west of the shanty, which witnesses say was from ten feet to over thirty feet from it. It was conceded that while at this place plaintiff was in danger from the flying pieces of iron, but it was claimed that it was intended that plaintiff and other employees when warned that the metal ball was about to drop should either enter the shanty or step behind it to avoid being struck. There was testimony that the employees were so instructed, although this was denied.

MILLER, GORHAM & WALES and W. G. SHOCKEY, for appellant.

FRANK A. ROCKHOLD and CHARLES C. SPENCER, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. MASTER AND SERVANT, § 126*—*when safeguards insufficient.* In an action to recover for personal injuries received by plaintiff while employed in defendant's foundry plant, the evidence showed that the injury was caused by a piece of flying iron striking him as he was going to his tool box near his usual place of work; that the iron causing the injury was from scrap iron which was being broken by a "drop," an appliance for breaking scrap through raising a heavy metal ball to a considerable height by means of a derrick and letting it fall on the iron; that the operation caused pieces of metal to fly in all directions; that plaintiff's usual place of work was about twenty feet west of the "drop"; that the only safeguard provided was a shanty situated six or ten feet west of the drop; that the shanty was about four feet wide, seven feet long and seven feet high, and the wall nearest the drop was strongly built; that plaintiff was in danger from the flying scraps while working at his usual place of employment. It was held that the shanty was not a sufficient safeguard within the meaning of the Act of June 4, 1909 (J. & A. ¶ 5386), which provides that "all dangerous places in or about  *  *  * factories, mills or workshops, near to which any employe is obliged to pass, or to be employed, shall, where practicable, be properly enclosed, fenced or otherwise guarded."

2. MASTER AND SERVANT, § 158*—*what safeguard required.* The provision of the Act of June 4, 1909 (J. & A. ¶ 5386), that "all dangerous places  *  *  * near to which any employe is obliged to pass, or to be employed, shall  *  *  * be properly  *  *  * guarded," contemplates the protection of employees while they are working in their usual and customary places of work and passing to and from such places, by some protecting screen or device at the source of danger.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

3. MASTER AND SERVANT, § 158*—*when safeguard of dangerous appliance practicable.* In an action by an employee to recover for injuries caused through being struck by pieces flying from a pile of scrap iron, which was being broken by dropping on it from a considerable height a heavy iron ball, evidence examined and *held* to support a finding that it was practicable to safeguard employees against the flying pieces by some surer means than a shanty six or ten feet from the drop and seven feet high.

4. APPEAL AND ERROR, § 1565*—*when modification of improper instruction harmless.* One who has requested an improper instruction cannot complain of a doubtful modification of it by the court.